JOHN McBRIDE, PLAINTIFF IN ERROR, V. ELIAS M.
LATHROP, DEFENDANT IN ERROR.

1. **Jurisdiction:** PRESUMPTION. All presumptions are in favor
of the regularity of the proceedings of the district court, and
its judgments will not be reversed unless error affirmatively
appears of record.

2. **Judgment:** PAYMENT: ACTION TO RECOVER BACK. A re-
covered a judgment against B before a justice of the peace of
K. county. A transcript of that judgment was taken and filed
in the office of the clerk of the district court of H. county.
The judgment debtor paid to the clerk of the district court of
H. county the amount due upon the judgment, as shown by the
transcript filed in said court, the payment being made under
protest. In an action brought by him against the clerk to
recover the money, it was *Held*, That the suit could not be
maintained, solely, upon the ground that the apparent judgment
in the district court of H. county was void, by reason of the
transcript not having been issued by the clerk of the district
court of K. county—from a transcript there filed—instead of
by the justice of the peace in that county by whom the judg-
ment was rendered.

ERROR to the district court for Holt county. Tried
below before KINKAID, J.

*Weatherby & Kamanski*, for plaintiff in error, cited:
*King v. Poole*, 36 Barb., N. Y., 242. *McLean v. Wayne
Circuit Judge*, 52 Mich., 257. *Ex parte Langston*, 8
Ohio, 599. *Clepper v. State*, 4 Texas, 242. *Ex parte
Robinson*, 6 McLean, 355. *Henry v. Tupper*, 1 Williams
(Vt.), 518. *American Bank v. Inloes*, 7 Md., 380. *Con-
over v. Mayor, Etc., of N. Y.*, 25 Barb. (N. Y.), 513.

*Uttley & Benedict*, for defendant in error, cited: Bou-
vier's Law Dictionary, 15 Ed., Vol. 2, p. 26. Freeman
on Judgments, 3 Ed., Secs. 117, 118. *Sheldon v. Newton*,
3 O. St., 494. *Pemberton v. Pollard*, 18 Neb., 435.

REESE, CH. J.

An action was instituted in the county court, by defendant in error against plaintiff in error, for the recovery of the sum of $107.21, alleged to have been paid by defendant in error to plaintiff in error, as shown by the transcript of the proceedings before the county court. The pleadings filed in that court are not attached to the records, but from the county judge's transcript it appears that plaintiff in error filed an answer denying the allegations of the bill of particulars, and alleging that the money sought to be recovered was paid to him, as clerk of the district court of Holt county, on a judgment in said court in favor of George E. Cheney, and against defendant in error. A reply was filed denying the existence of such judgment, as well as the other allegations of the answer.

It is shown by the county judge's transcript that a trial was had, and that plaintiff in error was examined as a witness on his own behalf, and that the records of the district court containing the judgment against defendant in error and in favor of Cheney were offered in evidence, and that plaintiff in error then moved to dismiss the action, for the reason that the county court had no jurisdiction to try the same. The motion was sustained and the action dismissed, to which defendant in error excepted. The cause was then removed to the district court by proceedings in error, where the judgment of the county judge was reversed and the cause set down for trial. To this, plaintiff in error excepted, and brings the cause to this court by like proceedings. None of the evidence taken upon the trial before the county judge is preserved in the record before us. We are therefore left in doubt, *First*, As to the issue presented by the pleadings and tried before the county judge; and *Second*, As to the evidence upon which the judgment of the district court was rendered.

All presumptions being in favor of the regularity of the proceedings in the district court, we must presume that the pleadings before the county judge, as well as the evidence adduced upon the trial, were before the court, and that its judgment was correct.

The question argued by counsel, as presented by the statement contained in the briefs, is, that Chency recovered a judgment against defendant in error before a justice of the peace of Knox county, and that a transcript of such judgment was filed in the office of the clerk of the district court of Holt county, without having been filed in the office of the clerk of the district court of Knox county ; and that defendant in error, finding an apparent judgment in the district court of Holt county, based upon the transcript of the justice of the peace of Knox county, paid the amount due thereon to the clerk, for the purpose of canceling the same, and soon thereafter brought suit against plaintiff in error for the recovery of the money back, upon the ground that the judgment upon which the money was paid was void.    At the time of the payment of the money, defendant in error, by his agent, took from plaintiff in error a receipt, which we here copy :

"O'NEILL, NEB., March 11, 1887.

"Received from John W. Drayton the sum of $107.21, in full payment of judgment filed by George E. Cheney and John Benedict against E. M. Lathrop.   Said judgment was paid by said John W. Drayton for E. M. Lathrop, his agent, and pays said. sum under protest, and demands to have the same held, pending action in error in Knox county, Nebraska.

"JOHN MCBRIDE.<br>
"<em>Clerk of the District Court.</em><br>
"By J. H. MEREDITH,<br>
"<em>Deputy.</em>"

As the case must be tried in the district court, we deem it proper to say that, in our opinion, an action on the part

of defendant in error for the recovery of this money can-
not be maintained on the ground, alone, that the apparent
judgment in the district court of Holt county was void.
If the judgment in Knox county remains unreversed and
in full force, and the plaintiff therein caused a transcript
thereof to be filed in the office of the clerk of the district
court of Holt county, he cannot be heard to call in ques-
tion the legality of his own proceeding. If defendant
in error recognized that judgment as valid, to the extent
of paying it, even if under protest, he cannot afterwards
repudiate such payment and bring suit against the clerk
and recover it back. The satisfaction of that judgment
would be a satisfaction of the judgment in Knox county,
and the money would be held for the judgment plaintiff,
unless it should be made to appear that the judgment from
which the transcript was taken was canceled by payment
or by appellate proceedings, and that the money remained
in the hands of plaintiff in error. In that event, he (or
his successor in office) would hold it, in his official
capacity, for defendant in error, and would be required by
the district court, by a summary proceeding, to refund it,
the satisfaction or cancellation of the judgment in Knox
county being a cancellation of the judgment in Holt county.

As there is nothing in the record before us by which we
can be informed as to the ground upon which either the
county judge or district court acted, we cannot reverse
the judgment of the district court. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.